IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33218-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ERIK JON CSIZMAZIA, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Erik Jon Csizmazia appeals his conviction of third degree assault, arguing that the State did not present sufficient evidence of intent. We conclude that the State's evidence was sufficient to convict Mr. Csizmazia of third degree assault and affirm.

FACTS

Sergeant Mario Sauceda, a corrections officer in charge of inmate security at the Klickitat County jail, contacted Mr. Csizmazia while conducting cell checks on the morning of December 26, 2014. Mr. Csizmazia was placed in a single holding cell due to issues with a former cellmate and was filling out a witness statement form regarding the other inmate. While discussing the form with Sergeant Sauceda, Mr. Csizmazia became

angry and lunged at the sergeant, grabbing him by the neck and punching him. The State charged Mr. Csizmazia with third degree assault of a law enforcement officer.

At trial, Sergeant Sauceda testified to the above events. He explained that Mr. Csizmazia had asked him to get a different statement form and had become upset when he declined to read what Mr. Csizmazia had written on the first form. According to the sergeant, Mr. Csizmazia yelled at him to read the statement, lunged at him, and grabbed him by the neck. Mr. Csizmazia punched the sergeant's forehead, nose, and mouth. Sergeant Sauceda yelled for help and another corrections officer helped subdue Mr. Csizmazia.

Elizabeth Everson, the jail's control board operator, watched the events from her monitor screen and confirmed Sergeant Sauceda's account. She testified that she heard yelling from Mr. Csizmazia's cell and saw Mr. Csizmazia push Sergeant Sauceda out of his cell with his hands around the sergeant's neck.

Mr. Csizmazia's testimony was occasionally disjointed and nonsensical. He alleged that he suffered from various mental and physical problems, including malaria, a blood disorder, a temporary phase of Alzheimer's, and a schizophrenic-like condition related to his Hungarian ancestry that causes visions. He acknowledged seven previous convictions, but claimed he had been exonerated of all of them.

2

Mr. Csizmazia testified that he acted in self-defense. He claimed that Sergeant Sauceda tore up the witness statement and became agitated with him. He stated that he grabbed Sergeant Sauceda by the arms to prevent the sergeant from using a stun gun on him. He denied putting his hands around the sergeant's neck, and stated that he blocked the sergeant's fists and ultimately contained him in a headlock. During cross-examination, the State elicited information that Mr. Csizmazia had been deemed competent for trial. A jury found Mr. Csizmazia guilty as charged.

## ANALYSIS

The sole issue before us is whether the State presented sufficient evidence from which the jury could infer that Mr. Csizmazia acted with intent when he assaulted Sergeant Sauceda. Mr. Csizmazia argues that the incoherence of his trial testimony establishes that he was not able to form the requisite element of intent.

Evidence is sufficient if, when viewed in a light most favorable to the prosecution, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* Because it is the trier of fact's responsibility to resolve credibility issues and determine the weight of the evidence, we defer to it on issues of

3

conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

To find Mr. Csizmazia guilty of third degree assault, the jury had to find beyond a reasonable doubt that he assaulted a law enforcement officer who was performing his or her official duties at the time. RCW 9A.36.031(1)(g). To obtain a conviction for assault under this subsection, the State must prove that Mr. Csizmazia intended to commit the assault. *State v. Brown*, 140 Wn.2d 456, 467-68, 998 P.2d 321 (2000). A person acts with intent when he or she acts with the objective or purpose to accomplish a result constituting a crime. RCW 9A.08.010(1)(a). "Intent can be inferred as a logical probability from all the facts and circumstances." *State v. Wilson*, 125 Wn.2d 212, 217, 883 P.2d 320 (1994).

Mr. Csizmazia quotes extensively from his trial testimony to support his argument that his mental instability precluded an intentional assault. He clarifies that he is not raising a diminished capacity or insanity defense, but rather that his irrational testimony "speaks for itself" in undermining the element of intent. Br. of Appellant at 10.

His argument is not persuasive. While Mr. Csizmazia made rambling, nonsensical statements during trial, it was for the jury to determine the credibility of his testimony and sort out the conflicting testimony. It was entitled to discredit Mr. Csizmazia's account

4

No. 33218-7-III
*State v. Csizmazia*

and credit the evidence in favor of the State. This evidence, viewed in favor of the State, is sufficient to establish intent. Sergeant Sauceda's version was that Mr. Csizmazia attacked first after being angered by the sergeant's refusal to read Mr. Csizmazia's witness statement. From these facts, and the reasonable inferences available therefrom, a reasonable trier of fact could find beyond a reasonable doubt that Mr. Csizmazia intentionally assaulted Sergeant Sauceda. The State's evidence was sufficient to prove the conviction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, J.

5